IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MICHAEL D. CHAPPELL,                )
                                    )
            Petitioner,             )
                                    )
vs.                                 )   Case No. CIV-13-231-M
                                    )
WILLIAM MONDAY, Warden,             )
                                    )
            Respondent.             )

### REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254. United States Chief District Judge Vicki Miles-LaGrange referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Respondent filed a motion to dismiss and brief in support, Docs. 10, 11, and Petitioner responded, Doc. 14, and filed an objection, Doc. 15. The undersigned has reviewed all of the pleadings and recommends that the petition be dismissed.

**I.    Background.**

Petitioner pleaded guilty to forgery and possession of a false identification card on April 9, 2003, in Oklahoma County District Court, Case No. CF-2002-6646. Doc. 11, Ex. 1, at 1.[1] He was sentenced to five years, with all except the first three years suspended. *Id.* Ex. 1, at 1. In August 2005, Petitioner was

---

[1] All page numbers reference the Court's CM/ECF pagination.

charged in the same court, in Case No. CF-2005-4523, with larceny of an automobile after a prior felony conviction. *Id.* Ex. 1, at 1. Based on that charge, the State filed an application to revoke the suspended sentence in CF-2002-6646. *Id.* Ex. 1, at 1. In June 2006, Petitioner stipulated to the allegations in the application to revoke in CF-2002-6646 and also pleaded guilty to the felony charge in CF-2005-4523. *Id.* Ex. 1, at 1-2. However, the actual revocation and sentencing on both cases was delayed pending Petitioner's participation in the drug court program. *Id.* Ex. 1, at 2. Petitioner was later terminated from that program, after which the suspended sentence was revoked and the state court sentenced him on the relevant cases on July 15, 2008. *Id.* Ex. 1, at 2.

## II. Petitioner's claims and Respondent's defenses.

Petitioner filed a 15-page petition and 30-page brief in support, both of which contain repetitive and seemingly intertwined arguments involving the state court convictions in CF-2002-6646 and CF-2005-4523. Docs. 1, 2. After much review, it appears that Petitioner's overarching claims involve a challenge to the revocation of his suspended sentence in CF-2002-6646 and his sentencing in CF-2005-4523. Docs. 1, 2.

Respondent seeks dismissal of any claims relating to the CF-2002-6646 case on grounds that Petitioner is no longer "in custody" on that conviction. Doc. 11, at 4-6. For any claims relating to CF-2005-4523, Respondent argues that the

statute of limitations has expired.  *Id.* at 2-4.  The undersigned disagrees with the first argument, but agrees that the statute of limitations bars all of the claims.[2]

## III. The "in custody" requirement.

"The first showing a § 2254 petitioner must make is that he is 'in custody pursuant to the judgment of a State court.'"  *Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 401 (2001).  Respondent argues that because Petitioner has fully served his CF-2002-6646 sentence, he no longer meets the "in custody" requirement.  Doc. 11, at 4-6.  The undersigned disagrees.

Petitioner admits that he has finished serving the entirety of his sentence, but argues that the CF-2002-6646 conviction was used to enhance his CF-2005-4523 sentence.  Doc. 1, at 5; Doc. 14, at 2.  Because Petitioner's petition could be read as asserting a challenge to his CF-2005-4523 sentence, as enhanced by CF-2002-6646, the Court may find that Petitioner satisfies the "in custody" requirement for federal habeas jurisdiction.  *Lackawanna Cnty. Dist. Att'y*, 532

---

[2]    Although Respondent discusses the statute of limitations as it applies to any claims arising out of CF-2005-4523, the undersigned finds that all of the claims – regardless of which state court conviction they apply to – arise out of the 2008 revocation/sentencing proceedings.  *See* Docs. 1, 2.  And it is the appeal from the 2008 proceedings that Respondent relies on in arguing the finality date of Petitioner's conviction.  Doc. 11, at 2-3.  Consequently, the undersigned construes Respondent's motion to dismiss to argue that any claims arising out of the 2008 proceedings are time-barred.

3

U.S. at 401-02 (relying on *Maleng v. Cook*, 490 U.S. 488, 492 (1989)); *see also Carthen v. Workman*, 121 F. App'x 344, 346 (10th Cir. 2005) (noting that when a petition can be "'construed with the deference to which *pro se* litigants are entitled" to assert "a challenge to the current sentences, as enhanced by the allegedly invalid [and expired] prior conviction," petitioner can satisfy "the 'in custody' requirement for federal habeas jurisdiction" (citations and brackets omitted)).

Accordingly, the undersigned finds that the Court may exercise jurisdiction over Petitioner's claims related to CF-2002-6646.[3]

## IV. The untimeliness of Petitioner's claims.

Whether they specifically relate to CF-2002-6646 or CF-2005-4523, all of Petitioner's claims arise out of his 2008 revocation and sentencing. *See* Docs. 1, 2. Petitioner filed his habeas petition on March 4, 2013.[4] As discussed below, the statute of limitations has expired for all the claims.

---

[3] Having found that Petitioner is "in custody" for jurisdictional purposes, the Court would ordinarily need to decide whether circumstances would permit Petitioner to challenge the merits of the now-expired sentence revocation. *See Lackawanna Cnty. Dist. Atty.*, 532 U.S. at 402. However, because the undersigned finds all of Petitioner's claims to be time-barred, that issue requires no further discussion.

[4] The petition is deemed "filed" on the date Petitioner gave it to prison officials for mailing. *See Fleming v. Evans*, 481 F.3d 1249, 1255 n.2 (10th Cir. 2007). Petitioner verified that date as March 4, 2013. Doc. 1, at 15.

The petition is subject to a one-year period of limitations under the Anti-Terrorism and Effective Death Penalty Act (AEDPA). That clock begins to run in relevant part when the action becomes final. *See* 28 U.S.C. § 2244(d)(1)(A).

As noted above, in July 2008, the state court finally revoked Petitioner's suspended sentence and sentenced him in both cases. He appealed, and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed on September 18, 2009. Doc. 11, Ex. 1, at 1-3. Because Petitioner did not seek review in the United States Supreme Court, his revocation and conviction became final 90 days later, on December 17, 2009. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). Thus, without tolling, Petitioner's statute of limitations expired on December 20, 2010.[5]

### A. Statutory tolling.

Statutory tolling is available when, during the one-year limitations period, a petitioner properly files a petition for collateral review in state district court. *See* 28 U.S.C. § 2244(d)(2). Here, Petitioner filed an application for post-conviction relief on October 25, 2010, and the OCCA affirmed the denial of that relief on March 6, 2012. Doc. 11, Exs. 2, 5. Because that application for post-conviction relief was pending for 499 days, Petitioner's statute of limitations was

---

[5] Because December 18, 2010, would have landed on a Saturday, Petitioner would have had until the following Monday – December 20, 2010 – in which to file the habeas petition. *See* Fed. R. Civ. P. 6(a)(1)(C).

5

extended to May 2, 2012.

**B.     Equitable tolling.**

In appropriate circumstances, the limitations period may also be tolled for equitable reasons. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). However, equitable tolling would be available only if an extraordinary circumstance stood in Petitioner's way and prevented timely filing. *See id.* at 2562; *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (Equitable tolling is available only in "'rare and exceptional circumstances.'") (citation omitted). Examples of when equitable tolling would be appropriate include: (1) actual innocence, (2) "an adversary's conduct – or other uncontrollable circumstances – prevents a prisoner from timely filing," or (3) when a prisoner has actively pursued judicial remedies but filed a defective pleading during the statutory time period. *Gibson*, 232 F.3d at 808.

Petitioner argues that he has been "misinformed and hampered by indigence, and unable to retain counsel, while being deprived of substantive rights retained by prisoners right of access to courts[.]" Doc. 14, at 4. The undersigned finds these arguments to be inadequate for equitable tolling.

For example, neither Petitioner's ignorance of the law nor reliance on misinformation warrant equitable tolling. *See United States v. Denny*, 694 F.3d 1185, 1191 (10th Cir. 2012) (rejecting an argument for tolling the statute of

6

limitations for a § 2255 habeas petition on grounds of ignorance and misinformation from inmate librarian because "Defendant's ignorance of the law and reliance on another inmate do 'not relieve him from the personal responsibility of complying with the law'" (citation and brackets omitted)). Nor does his financial inability to hire counsel. *See Horton v. Kaiser*, No. 99-6285, 2000 WL 216614, at *2 (10th Cir. Feb. 23, 2000) (holding that "because there is no right to counsel in collateral proceedings, . . . the unavailability of counsel or other "trained persons" to assist [the prisoner] does not constitute proper "cause" to justify his failure to file a timely petition." (citation omitted)). And finally, Petitioner's vague complaint about his access to the law library, standing alone, does not warrant equitable tolling. *See Weibley v. Kaiser*, 50 F. App'x 399, 403 (10th Cir. 2002) ("allegations regarding insufficient library access, standing alone, do not warrant equitable tolling" (citation omitted)). Consequently, the undersigned finds that Petitioner has failed to show any entitlement to equitable tolling.

C.     **Summary.**

With all the available tolling, Petitioner's statute of limitations expired on May 2, 2012.

## V. Recommendation and notice of right to object.

Petitioner's claims all stem from his 2008 revocation/sentencing and regardless of whether they relate to CF-2002-6646 or CF-2005-4523, the statute of limitations expired on May 2, 2012. The petition was not filed until March 4, 2013, and the statute of limitations therefore bars all of the claims. Thus, the undersigned Magistrate Judge recommends that the petition be dismissed.

The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by July 9, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 19th day of June, 2013.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE